# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

DANIEL GEORGE AXMAN,

    Petitioner,

vs.                                           Case No. 4:10cv297-MP/WCS

WALTER McNEIL,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

Petitioner Axman, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Pursuant to court order, doc. 3, he paid the filing fee. Doc. 5 (certificate of compliance).

The petition indicates that the judgment under attack is that of the Second Judicial Circuit, Leon County, denying his petition for writ of mandamus. Doc. 1, p. 1. Petitioner sought by mandamus to obtain documents from the Florida Department of Motor Vehicles that pertained to his criminal case. *Id.* Petitioner alleges that he entered into a plea agreement and received three years probation in an automobile manslaughter case. Doc. 1, p. 4b and 4c. Petitioner alleges that he was later arrested

for driving without a license, his probation was revoked, and he was sentenced to twelve years imprisonment. *Id.*, p. 4d.

According to the web site maintained by the Florida Department of Corrections, Petitioner is in custody pursuant to a twelve year sentence out of Volusia County, for "homicide, mansl cul negli" (manslaughter culpable negligence).[1] Petitioner does not identify that as the judgment challenged here, but claims the documents denied in the mandamus proceeding would be exculpatory of the underlying offense and probation revocation in the manslaughter case.

This court does not have mandamus jurisdiction over the state courts or officers. *Compare* 28 U.S.C. § 1361 (granting jurisdiction over mandamus actions "to compel an officer or employee *of the United States* or any agency thereof to perform a duty owed to the plaintiff.") (emphasis added).

> It is well settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Under the *Rooker-Feldman* doctrine, the authority to review final decisions from the highest court of the state is reserved to the Supreme Court of the United States. [Plaintiff] cannot utilize 42 U.S.C. § 1983 to recast his claim and thereby obtain collateral review in federal court of the state court decision.

Jones v. Crosby, 137 F.3d 1279, 1280 (11th Cir.), *cert. denied,* 523 U.S. 1041 (1998) (citations omitted). The habeas corpus jurisdiction of the federal courts is an exception

---

[1] The site also identifies Petitioner's current place of confinement as Marion Correctional Institution. Petitioner's most recent document in this case, the certificate of compliance, bears a return address at Polk Correctional Institution, and was mailed from Polk on August 10, 2010. Doc. 5. Both institutions are located in the Middle District of Florida.

to this rule. *See* Sumner v. Mata, 449 U.S. 539, 543-44, 101 S.Ct. 764, 767, 66 L.Ed.2d 722 (1981) ("even a single federal judge may overturn the judgment of the highest court of a State" in granting a § 2254 petition); Dale v. Moore, 121 F.3d 624, 627 -628 (11th Cir. 1997) (noting that habeas corpus is an exception to the Rooker-Feldman doctrine, citing Sumner).

A § 2254 petition challenging the judgment and sentence imposed in Volusia County would properly be brought in the Middle District of Florida, as the district of both confinement and conviction. 28 U.S.C. § 2241(d). There is no need to transfer the petition, however, as Petitioner currently has a § 2254 pending in the Orlando Division of the Middle District as to this judgment. Axman v. Secretary, Department of Corrections, et al., 6:09cv1509-MSS-DAB. According to the docket (available in PACER) (Public Access to Electronic Records) a response to the petition was filed, and Petitioner has filed two replies to the response. Docs. 6, 7, and 10 in that case.[2]

The petition should be summarily dismissed as it plainly appears Petitioner is not entitled to relief in this court. § 2254 Rule 4. Petitioner is not entitled to a certificate of appealability as he has not made a substantial showing of the denial of a constitutional right. § 2253(c)(2); *see also* § 2254 Rule 11(a) (the district court must issue or deny a

---

[2] According to the summary of the procedural history set forth in the response, Petitioner was charged in 1997 with DUI manslaughter in Volusia County, received three years probation and suspension of his driver's license, and did not appeal. Doc. 6 in that case, p. 1. After about a year of probation he was arrested in Orange County for driving with a suspended license, he entered a plea to that charge knowing there was also a pending probation violation charge; he then admitted to the violation of probation and received a twelve year sentence in the manslaughter case. *Id.*, p. 2. There was apparently no appeal of the twelve year sentence imposed on June 6, 2001, though Petitioner filed a Fla.R.Crim.P. 3.850 motion on July 7, 2003. *Id.*

certificate of appealability under § 2253(c)(2) when entering a final order adverse to habeas corpus petitioner).

It is therefore respectfully **RECOMMENDED** that this § 2254 petition, seeking to challenge the denial of mandamus relief in state court, and also pertaining to a § 2254 petition already pending in the Middle District of Florida, be summarily **DISMISSED**, and that a certificate of appealability be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 8, 2010.

 S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**